# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

MICHAEL C. HILL,

        Plaintiff,

v.

CIVIL ACTION NO.: 3:16-CV-102 (GROH)

VAMC MARTINSBURG, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On June 28, 2016, Plaintiff Michael C. Hill ("Plaintiff"), acting *pro se*, filed a Complaint [ECF No. 1] against Defendants VAMC Martinsburg, Terry Stotler, Jim Lockard, Ray Moore and the United States of America, alleging violations of his First Amendment right to religious liberty. That same day, Plaintiff also filed an Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 2]. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Civ P 72.01. For the reasons set forth below, the undersigned recommends that the Complaint be dismissed.

### II.  BACKGROUND

According to the Complaint, on or about October 7, 2015, through December 16, 2015, Plaintiff was an inpatient at the Veterans Affairs Medical Center ("VAMC") in Martinsburg, West Virginia. ECF No. 1 at 5. During this time, Defendant Stotler, a social

worker employed by the VAMC, "force[d]" Plaintiff to participate in the VAMC's Cat 5 program, a twelve-step drug and alcohol rehabilitation course. Id. at 2-3, 5. As part of the Cat 5 program's intake process, Plaintiff was required to meet with a chaplain. Id. at 5. Additionally, Plaintiff was required by Defendant Moore, a VAMC therapist, to complete a spiritual assessment form. Id. at 3, 5.

Throughout Plaintiff's participation in the Cat 5 program, every class or group meeting held by the program started and ended with the Serenity Prayer[1]. Id. at 5. On December 10, 2015, Defendant Lockard, another VAMC therapist, asked Petitioner "how an atheist says the Serenity Prayer." ECF No. 1 at 3, 5.

### III. DISCUSSION

**A. The Complaint**

In the Complaint, Plaintiff alleges that "religion [was] constantly forced on [him]" by Defendants, in violation of his First Amendment right[2] to religious liberty. Id. at 4-5.

---

[1] The Serenity Prayer is "a Christian prayer which . . . states: 'God, give us grace to accept with serenity the things that cannot be changed, courage to change the things that should be changed, and the wisdom to distinguish the one from the other." Wilson v. McVey, 579 F. Supp. 2d 685, 687 (M.D. Pa. 2008).

[2] In the Complaint, Petitioner was given the following choice:

    A.    Are you bringing suit against *(check all that apply)*:
        ☐    Federal officials (a Bivens claim)
        ☐    State or local officials (a § 1983 claim)[.]

ECF No. 1 at 4. Petitioner checked the box for "[f]ederal officials (a Bivens claim)." However, it is not clear that a First Amendment violation may be asserted in a Bivens claim. In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court created a federal cause of action for damages for violations of the Fourth Amendment. Subsequently, the Supreme Court advised lower courts to "respond[ ] cautiously to suggestions that Bivens remedies be extended into new contexts." See, e.g., Schweiker v. Chilicky, 487 U.S. 412, 421 (1988). The Court has also "consistently turned away plaintiffs seeking to avail themselves of novel applications of Bivens." Cioca v. Rumsfeld, 720 F.3d 505, 510 (4th Cir. 2013); see also Minneci v. Pollard, 132 S.Ct. 617, 626 (2012) (no Bivens claim against employees of privately run federal prison); FDIC v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996,

2

Plaintiff further alleges that Defendants' conduct "add[ed] negatively to [his] mental health with frustration, depression, anxiety[ ] and lack of concentration to adequately handle [his] everyday life." Id. at 5. Plaintiff requests five million dollars in punitive damages "to deter the [VAMC] from continuing" to violate the First Amendment rights of its patients. Id.

**B.     Standard of Review**

When filing a lawsuit in federal court, a plaintiff is required to pay certain filing fees. Hatcher v. Pan Tram, No. 3:15-CV-34, 2015 WL 2170043, at *3 (N.D. W. Va. May 8, 2015). A court, however, has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." LR Gen P 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with his or her motion for leave to proceed in forma pauperis. See LR Gen P 3.01. The United States Supreme Court has explained that the purpose of the "federal in forma pauperis statute . . . [is] to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989).

When a plaintiff seeks to proceed in forma pauperis, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). Cases are often dismissed sua sponte (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324.

---

127 L.Ed.2d 308 (1994) (no Bivens cause of action against federal agencies); Bush v. Lucas, 462 U.S. at 390, 103 S.Ct. 2404 (no Bivens remedy for a federal employee against a supervisor who has allegedly violated employee's First Amendment rights). Nevertheless, the undersigned will assume for purposes of this Report and Recommendation that Petitioner has a cause of action against Defendants.

3

Upon review, a court is *required* to dismiss an *in forma pauperis* complaint any time the court determines the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted or (3) seeks monetary relief against a defendant who is immune from such relief. Davis v. Hilborn, No. 15-7356, 2016 WL 475836, at *1 (4th Cir. Feb. 8, 2016) (quoting 28 U.S.C. § 1915(e)(2)(B)).

A complaint is frivolous if it is without arguable merit in either law or fact. Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Instead, frivolity dismissals should be ordered only when the legal theories are "indisputably meritless" or when the claims rely on factual allegations that are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). Frivolous claims include claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

A complaint fails to state a claim on which relief may be granted if it fails to abide by Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8. Rule 8, which sets forth the pleading standard for complaints filed in federal court, "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. (citations omitted). To survive dismissal for failure to state a claim, a complaint must raise a right to relief that

4

is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. When determining whether a complaint filed by a *pro se* plaintiff fails to state a claim or is frivolous, the court must liberally construe the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**C.     Analysis of the Complaint**

Plaintiff alleges violations of his First Amendment right to religious liberty. ECF No. 1 at 4-5. Because a *pro se* plaintiff's complaint must be liberally construed, the undersigned will interpret the Complaint as alleging violations of both the Establishment and Free Exercise Clauses of the First Amendment. With this in mind, the undersigned will examine Plaintiff's claims against Defendants Stotler, Lockard and Moore and against Defendants VAMC Martinsburg and the United States of America in turn.

**1.     Claims Against Defendants Stotler, Lockard and Moore[3]**

**a.     Free Exercise Clause Claims**

The undersigned finds that Petitioner's Free Exercise Clause claims against Defendants Stotler, Lockard and Moore fail to state a claim on which relief may be granted. To establish a Free Exercise Clause violation, a plaintiff must show that the defendant's actions "substantially burdened" his ability to exercise his religion.[4]

---

[3] Because a Bivens claim against government agents acting in their official capacities is considered a suit against the United States itself, which the undersigned will address in the next section, the undersigned will assume that Plaintiff is suing Defendants Stotler, Lockard and Moore in their individual capacities. See Medley v. Hawk-Sawyer, 133 F. Supp. 2d 883, 887 (N.D.W. Va. 2001) ("[A]ny remedy under Bivens is against federal officials individually, not the federal government.").

[4] While he does not explicitly state so in the Complaint, Plaintiff implies that he is an atheist and that he has been prohibited from exercising atheism. See ECF No. 1 at 5. Accordingly, the issue arises of whether atheism is a "religion" for First Amendment purposes. Because the Fourth Circuit has not ruled on this issue, the undersigned will give Plaintiff the benefit of the doubt and

5

Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). Regarding Plaintiff's claim against Defendant Stotler, Plaintiff alleges that Defendant Stotler "[f]orce[d]" him to participate in the Cat 5 program. However, Plaintiff offers no facts to support this statement. While Plaintiff need not assert detailed factual allegations, he must assert more than a mere conclusory statement. Regarding Plaintiff's claims against Defendants Lockard and Moore, Plaintiff alleges that Defendant Lockard "asked [him] how an atheist says the Serenity Prayer" and that Defendant Moore required him to fill out a spiritual assessment form. However, Plaintiff does not explain how either of these actions substantially burdened his ability to exercise his religion. Therefore, Plaintiff has not met his threshold requirement of proving an Establishment Clause claim against Defendants Stotler, Lockard and Moore and Plaintiff's claims against these Defendants must be dismissed.

### b. Establishment Clause Claims

The undersigned finds that Plaintiff's Establishment Clause claims against Defendants Stotler, Lockard and Moore seek monetary relief from defendants immune from such relief. Qualified immunity protects "[g]overnment officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Shaw v. Stroud, 13 F.3d 791, 801 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994). When determining whether a defendant is protected by qualified immunity, a court must first determine whether the plaintiff has alleged facts amounting to a constitutional violation. Siegert v. Gilley, 500 U.S. 226, 231-35 (1991). If a plaintiff has satisfied this threshold

---

assume that atheism is protected by the First Amendment.

inquiry, the court must determine whether a reasonable official would believe the conduct at issue to be lawful. Anderson v. Creighton, 483 U.S. 635, 639-40 (1987).

In the present case, the undersigned finds that Defendants Stotler, Lockard and Moore are protected by qualified immunity from an Establishment Clause claim. The Establishment Clause "prevents governments [and government officials] from preferring one religion over others." Joyner v. Forsyth Cty., N.C., 653 F.3d 341, 361 (4th Cir. 2011). To survive an Establishment Clause attack: (1) the challenged activity must have a secular purpose; (2) the principal or primary effect of the activity must neither advance nor inhibit religion and (3) the activity must not foster an *excessive* government entanglement with religion. Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971) (emphasis added). Because Plaintiff alleges that Defendants Stotler, Lockard and Moore were part of the Cat 5 program, which Plaintiff alleges requires its participants to recite a Christian prayer several times a day, the undersigned will assume that Plaintiff has met the threshold requirement of alleging an Establishment Clause violation.

However, the undersigned finds that a reasonable government official would not believe the actions of Defendants Stotler, Lockard and Moore to be unlawful. Partaking in a twelve-step AA-type program is not a clear First Amendment violation. See Scarpino v. Grosshiem, 852 F. Supp. 798, 803 (S.D. Iowa 1994) (holding that the defendants, who were part of a twelve-step program, were entitled to qualified immunity). A reasonable official in Defendants' positions could have believed that the Cat 5 program had the secular purpose of helping VAMC patients overcome addiction. Likewise, a reasonable official could have believed that the principal or primary effect of the Cat 5 program was to help patients overcome addiction and that no significant

7

entanglement with religion was involved. Therefore, Defendants Stotler, Lockard and Moore are entitled to qualified immunity from Plaintiff's Establishment Clause claims and the claims should be dismissed.

### 2. Claims Against Defendants VAMC Martinsburg and the United States of America

The undersigned finds that Plaintiff's claims against the United States of America and VAMC Martinsburg seek monetary relief from defendants immune from such relief. The United States possesses sovereign immunity, exempting it from being sued unless it consents to the suit. United States v. Mitchell, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, a plaintiff may not bring suit against the federal government, or an agency of the federal government, for an alleged deprivation of a constitutional right. See FDIC v. Meyer, 510 U.S. 471, 484–87 (1994). In the present case, Petitioner fails to cite to any authority allowing his claims.[5] Therefore, Plaintiff's claims against the United States of America and VAMC Martinsburg should be dismissed.

### IV. RECOMMENDATION

For the reasons herein stated, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[5] While the Federal Tort Claims Act ("FTCA") partially waives the sovereign immunity of the United States, it does not provide a cause of action for federal constitutional violations. See F.D.I.C. v. Meyer, 510 U.S. 471, 477–78 (1994). Instead, a tortious act, or a violation of state law, is required for liability under the FTCA. Id.; Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 969 (4th Cir. 1992). Because Petitioner does not allege a tortious act or a violation of state law, the FTCA does not apply. Moreover, the Religious Freedom Restoration Act ("RFRA") does not apply. While the RFRA waives the federal government's immunity under some circumstances, the waiver does not extend to suits for monetary damages. See Webman v. Fed. Bureau of Prisons, 441 F.3d 1022 (D.C. Cir. 2006); Oklevueha Native Am. Church of Hawaii, Inc. v. Holder, 676 F.3d 829 (9th Cir. 2012); Davila v. Gladden, 777 F.3d 1198 (11th Cir.), cert. denied sub nom. Davila v. Haynes, 136 S. Ct. 78, 193 L. Ed. 2d 32 (2015).

& (e)(2)(B)(iii) and that Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 2] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 7th day of July, 2016.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE